Mahanoy Area School District et al., Appellants v. Peter Gutsie and George M. Walker, Appellees.

Argued September 12, 1983, before President Judge CRUMLISH, JR. and Judges BARRY and BLATT, sitting as a panel of three.

*Michael I. Levin,* with him *William Fearen, Cleckner and Fearen,* for appellants.

*Anthony J. Urban,* for appellees.

OPINION BY JUDGE BLATT, October 26, 1983:

The Mahanoy Area School District (school district) appeals here from a decision of the Court of Common Pleas of Schuylkill County which denied the school district's petition to open a default judgment.

On or about October 14, 1975, the appellees (taxpayers) filed a class action in equity against the school district seeking to have the court declare unconstitutional an occupational tax levied by the school district, pursuant to The Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§6901-6924. The school district filed preliminary objections. At the time of filing, the taxpayers were represented by Anthony J. Urban, Esquire, and the school district was represented by its solicitor. At some time between then and October 30, 1978, the school district discharged its then solicitor and retained Urban in his place, but, although Urban accepted this appointment, he did so only after disclosing his desire to continue to represent taxpayers in this particular action, and the school district agree.

On October 30, 1978, the common pleas court dismissed the preliminary objections raised by the school district and granted it leave to file an answer. Thereafter, the school directors met with, although they did not then retain, another attorney, William Fearen, Esquire, seeking to have him represent the district in this action. On November 9, 1978, Fearen, while not yet retained by the school district, requested and received an extension of time to file an answer until January 15, 1979. From then on, the school district consulted with Fearen but did not retain him or any other counsel to take action on the complaint, and, as late as January 4, 1979, no affirmative action was taken on answering the complaint although the school district had requested Fearen, who was still

not retained as counsel, to ask for another extension, which he did by letter on that date. The taxpayers neither responded to this letter nor did they engage in conduct upon which consent could be inferred. On January 17, 1979, however, with the October 14, 1975 complaint remaining unanswered, the taxpayers entered a default judgment against the school district.

The school district advances two claims on appeal in an effort to have the default judgment opened: one, that the court in equity lacked jurisdiction to hear the case, and the other, that the court below abused its discretion in refusing to open the default judgment of January 17, 1979.

In *Borough of Green Tree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974), our Supreme Court held that a court of equity has jurisdiction to adjudicate a constitutional question challenging the validity of a tax statute either if no statutorily prescribed remedy exists, or if the remedy prescribed is inadequate. Section 6 of the Act, 53 P.S. §6906 provides a specific remedy for aggrieved taxpayers. The jurisdictional question, therefore, turns upon whether or not the statutorily prescribed remedy was adequate.

In *Lashe v. Northern York County School District,* 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980), a case with facts strikingly similar to the case *sub judice,* this Court said that Section 6 of the Act would be an inadequate remedy for challengers raising a constitutional question if the issue raised concerned a ''void for vagueness [claim] due to a failure to define occupation'' *Id.* at 551, 417 A.2d at 265. Because our analysis of the record indicates that this claim was raised by taxpayers in the court below, we believe that the court of equity, consequently, had jurisdiction.

The school district next contends, however, that the trial court erred in refusing to open the default judgment, thereby abusing its discretion. Our scope of review, of course, is limited to determining whether errors of law were committed or, in fact, an abuse of discretion transpired. *Duffy v. Gerst,* 286 Pa. Superior Ct. 523, 429 A.2d 645 (1981). And we believe that the court below was properly guided by *Shainline v. Alberti Builders, Inc.,* 266 Pa. Superior Ct. 129, 403 A.2d 577 (1979), which held that a petition to open a default judgment can prevail if the following three factors coalesce: a) the petition is promptly filed; b) a meritorious defense can be shown;[1] c) there is a reasonable excuse for failure to file an answer. *Id.* at 133, 403 A.2d at 579. These three factors did not coalesce here, for no reasonable excuse was proffered for the failure of the school district to file an answer. In *Shainline,* the court referred to an unacceptable excuse as "a failure to act by one who knows its implications". *Id.* at 138, 403 A.2d at 581. Here the school district was fully aware of its obligation to file an answer, allowed months to lapse before formally retaining counsel, and, in fact, waited more than an additional month thereafter to protect itself after the default judgment entry.

We, therefore, will affirm the order of the court below.

## Order

And Now, this 26th day of October, 1983, the order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is hereby affirmed.

---

[1] In light of our recent decision in *Lower Dauphin School District v. Kulter,* 76 Pa. Commonwealth Ct. 87, 463 A.2d 499 (1983), we question the validity of this assertion.