534 A.2d 859

Purcell Bronson, Petitioner *v.* Francis R. Filipi, Joel M. Ressler, Joseph S. Sabadish, Amy Zapp, Frank D. Tuplin, Assistant Attorneys General in Official and Private Capacity, Respondents.

Submitted on briefs October 2, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Purcell Bronson,* petitioner, for himself.

*Thomas B. York,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

PER CURIAM OPINION, December 14, 1987:

Purcell Bronson, an inmate at the State Correctional Institution at Dallas, Pennsylvania, has filed a petition for review in this Court's original jurisdiction, alleging that five named Deputy Attorneys General (Respondents) unlawfully represented state employees in suits instituted by Mr. Bronson against those employees. Before us for disposition at this time are Respondents' preliminary objections to Mr. Bronson's action which claim that the petition for review does not state a cause of action and that Mr. Bronson lacks standing.

Initially, we note that in ruling on preliminary objections, we must accept as true all well-pleaded facts in the challenged pleading and inferences reasonably deducible therefrom, but not conclusions of law, argumentative allegations or opinions. *Erie County League of Women Voters v. Department of Environmental Resources,* 106 Pa. Commonwealth Ct. 369, 525 A.2d 1290 (1987).

The only facts discernible from Mr. Bronson's petition for review are that Respondents entered appearances in six different civil suits filed by Mr. Bronson in the U.S. District Court for the Middle District of Pennsylvania against employees of the Department of Corrections. The remainder of his petition contains legal conclusions and argumentative allegations the crux of which appears to be that Respondents unlawfully represented the state prison employees contrary to the Commonwealth Attorneys Act (Act)[1] because the underlying actions were not brought under an exception to sovereign immunity. *See* Section 8522 of the Judicial Code, 42 Pa. C. S. §8522.

Respondents' first objection to Mr. Bronson's petition for review is that it does not state a cognizable cause of action at law or in equity, and we agree. We reject Mr. Bronson's near-frivolous contention that because the acts allegedly committed by the defendants in the federal suits were "criminal in nature," Respondents are bound to *prosecute* the individuals on his behalf rather than represent them pursuant to the Act.

Section 204(c) of the Act, 71 P.S. §732-204(c), entitled "Civil litigation; collection of debts," states in pertinent part that "[t]he Attorney General shall represent the Commonwealth and all Commonwealth agencies

---

[1] Act of October 15, 1980, P.L. 950, *as amended,* 71 P.S. §§732-101—732-506.

. . . in any action brought by or against the Commonwealth or its agencies. . . ." There is nothing in Mr. Bronson's petition for review from which we could conclude that his federal suits were, in fact, criminal in nature, permitting prosecution under Section 205, 71 P.S. §732-205, especially in light of Mr. Bronson's own assertion that the suits were filed as civil actions. Further, Mr. Bronson has made no factual allegations in his pleading regarding how the prison employees were acting in bad faith or beyond their "sphere of official responsibilities" as he asserts in his brief to this Court.

We conclude that Respondents' representation of the defendants in Mr. Bronson's federal suits was appropriate under the Act, and, therefore, we sustain Respondents' first preliminary objection.[2]

Although we need not address Respondents' objection to Mr. Bronson's lack of standing, we agree with Respondents that he has not shown that he is aggrieved or adversely affected by Respondents' conduct. *See William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). Moreover, as Respondents correctly note, Section 103 of the Act, 71 P.S. §732-103, states that "[n]o party to an action, other than a Commonwealth agency . . . , shall have standing to question the authority of the legal representation of the agency." We would, therefore, also sustain Respondents' second preliminary objection.

Petition for review dismissed.

---

[2] We note the speciousness of Mr. Bronson's claim that in order for Respondents to be permitted to represent the defendants in his federal suits, the underlying actions must have been brought under an enumerated exception to sovereign immunity. The case on which Mr. Bronson relies for this proposition is clearly distinguishable. *See Rosenwald v. Barbieri,* 72 Pa. Commonwealth Ct. 49, 456 A.2d 677, *aff'd in part, rev'd in part on other grounds,* 501 Pa. 563, 462 A.2d 644 (1983), *cert. denied,* 465 U.S. 1024 (1984).

ORDER

Respondents' preliminary objections in the above-captioned proceeding are sustained and the petition for review dismissed.