564 A.2d 1032

**George FEIGLEY, Appellant,**

**v.**

**Martin SUOMELA and Terry L. Jones, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 4, 1989.

Decided Sept. 29, 1989.

82

George Feigley, Huntingdon, pro se.

Stephen E. Geduldig, Deputy Atty. Gen., Office of Atty. Gen., Harrisburg, for appellees.

Before CRUMLISH, Jr., President Judge, and PALLADINO and SMITH, JJ.

PALLADINO, Judge.

George Feigley (Appellant) appeals from an order of the Court of Common Pleas of Huntingdon County (trial court) granting Martin Suomela and Terry L. Jones' (Appellees) petition to open or strike a default judgment (Petition). We affirm.

Appellant, an inmate at the State Correctional Institute–Huntingdon (prison), instituted a slander action against Appellees who are prison employees. Appellant applied to the trial court to proceed in forma pauperis. In granting the application, the court ordered the Sheriff of Huntingdon County (Sheriff) to serve the complaint and ordered Appellees to file responsive pleadings within twenty days.

Sheriff served the complaint upon Appellees on July 2, 1987. On July 29, 1987, the Pennsylvania Attorney General's Office filed preliminary objections on Appellees behalf. The next day, July 30, 1987, the Prothonotary of the Court of Common Pleas of Huntingdon County entered a default judgment against Appellees pursuant to Pa.R.C.P. No. 1037(b).[1]

On August 11, 1987, the Attorney General, on Appellees' behalf, filed a Petition to open or strike the default judgment. Following a hearing on October 7, 1988, Appellees' Petition was granted. Appellant filed a Notice of Appeal[2] with the Superior Court.[3]

Appellant alleges the following in his brief at p. 11:

A. The form of the Petition to Open or Strike Judgment is defective as it is not verified so must be denied.

B. The Petition to Open or Strike Judgment was filed not by a Defendant but by the Commonwealth, which is not a party in the action and so must be denied.

C. The Petition to Open or Strike Judgment fails to assert an adequate excuse for not filing a timely answer and fails to show a meritorious defense to the suit, and so must be denied.

D. The Petition to Open or Strike Judgment's assertion that a responsive pleading was filed before Default Judgment was entered is based on papers filed by and for the Commonwealth, not by the Defendants, therefore not

1. Pa.R.C.P. No. 1037(b) states in pertinent part as follows:
   The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time an answer to a complaint which contains a notice to defend or for any relief admitted to be due by the defendant's pleadings.

2. Appellant takes this appeal pursuant to Pa.R.A.P. 311 which provides in pertinent part as follows:
   (a) **General rule.** Except as otherwise prescribed by general rule, an appeal may be taken as of right from:
   (1) Affecting judgments. An order opening, vacating or striking off a judgment, or refusing to open, vacate or strike off a judgment....

3. On June 8, 1989, the Superior Court granted *per curiam* Appellees' Application to Transfer to this court.

responsive to the Complaint and so the Petition must be denied.

E. Feigley's documents to the Court were delayed by prison employees as part of an on-going practice which delayed photocopying an/or mailing of documents from Feigley to County and so the date of Feigley's acting to take default should be the date he wrote and sent his Praecipe for copying.

We will address each of Appellant's arguments in order.[4]

■ Appellant first contends that the Appellees' Petition is defective because it was not verified pursuant to Pa.R. C.P. No. 206.[5] The trial court dismissed this contention holding that, although the Petition was unverified, the Petition did not contain facts that were not on the record. We disagree.

Paragraph 11 of the Petition states: "No such ten day notice was received by either Defendant or its attorney of record." It is clear that paragraph 11 is an allegation of fact not on the record. We must determine whether this unverified allegation is a material defect.

■ The Superior Court held in *Davis v. Safeguard Investment Company*, 239 Pa.Superior Ct. 300, 361 A.2d 893 (1976) that failure to properly verify a petition to strike off or open a judgment should not be routinely condoned. However, the error may be excused where it is inconsequential and not prejudicial. Moreover, "courts should not be astute in enforcing technicalities to defeat apparently meritorious claims...." *Id.*, 239 Pa.Superior Ct. at 306, 361 A.2d at 896 (quoting *West Penn Sand & Gravel Company v. Shippingport Sand Company*, 367 Pa. 218, 223, 80 A.2d 84, 86 (1951)). To determine whether the error is inconse-

4. Our scope of review in examining default judgments is whether errors of law were committed or an abuse of discretion occurred. *Mahanoy Area School District v. Gutsi*, 78 Pa.Commonwealth Ct. 95, 466 A.2d 1137 (1983).

5. Pa.R.C.P. No. 206 states as follows:
   Every petition and answer containing an allegation of fact which does not appear of record shall be verified.

quential and not prejudicial, we must examine the function of the allegation within the context of Appellees' Petition.

In their Petition, Appellees alleged that Appellant did not comply with Pa.R.C.P. No. 237.1 when he filed a praecipe for entry of default judgment without sending notice of his intent to enter the judgment. Pa.R.C.P. No. 237.1 in pertinent part provides:

(a) No judgment by default shall be .entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to that party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of filing of the praecipe....

(b) This rule does not apply to (1) a judgment entered pursuant to an order or rule to show cause ...

The relevant inquiry under Pa.R.C.P. No. 237.1 is whether the prothonotary received certification that a written notice of intent to file a default judgment had been sent to the opposing party and the attorney at least ten days prior to the filing of a praecipe for default judgment. Whether or not they actually received the notice is irrelevant. The prothonotary is authorized to enter a default judgment if the proper certification is included with the praecipe to file the default judgment.

Here, the trial court found that it was clear from the face of the record that no certification of notice was ever delivered to the prothonotary. Appellant does not dispute this fact. The allegation of paragraph 11 addresses the issue of the parties' receipt of the notice and not the issue of the prothonotary's receipt of the certification. Therefore, paragraph 11 is irrelevant to the Appellees' Petition. We conclude that the failure, in the instant case, to verify a Petition that contained only one irrelevant fact not on the record is neither prejudicial nor consequential.

■ Appellant next contends that the Petition should be denied because it was not filed by a Defendant but by the

Attorney General's office for the Commonwealth which is not a party in the action. Specifically, Appellant argues that Appellees' representation by the Attorney General is improper for the following reasons: it is unfair; the Attorney General should represent him because he is also an employee of the state; and the Appellees were outside the scope of employment when they slandered him and, therefore, are not commonwealth parties.

In *Bronson v. Filipi*, 111 Pa.Commonwealth Ct. 627, 534 A.2d 859 (1987), we held that under Section 103 of the Commonwealth Attorneys Act,[6] an inmate does not have standing to challenge the authority of the Attorney General's office to represent state corrections officials. We see no relevant difference between the attorney general's authority to represent prison officials in *Bronson* and the authority to represent prison employees here. Accordingly, we hold that Appellant does not have standing to challenge the Attorney General's representation of Appellees.[7]

Appellant further contends that the trial court erred because the Appellees failed to assert an adequate excuse for failing to file a timely answer and do not aver a meritorious defense. We need not determine whether Appellees met these criteria for opening a judgment.[8] The

6. Act of October 15, 1980, P.L. 164, *as amended,* 71 P.S. § 732–103 states in pertinent part:

   No party to an action, other than a Commonwealth agency ... shall have standing to question the authority of the legal representation of the agency.

7. We note that the issue of standing to challenge the Attorney General's representation was not raised at the trial level. Although standing cannot be raised *sua sponte* where the issue is not jurisdictional, *Erie Independence House, Inc. v. Unemployment Compensation Board of Review,* 126 Pa.Commonwealth Ct. 358, 559 A.2d 994 (1989), the posture of Appellant's argument suggests that the Appellees are not commonwealth parties which is the foundation of jurisdiction for this court in this case. Therefore, we raise the issue of standing *sua sponte.*

8. For a petitioner to prevail in opening a default judgment, the following three factors must coalesce: a) the petition is promptly filed; b) a meritorious defense must be shown; and c) there is a reasonable excuse for failure to file an answer. *Mahanoy Area School District v. Gutsie,* 78 Pa.Commonwealth Ct. 95, 466 A.2d 1137 (1983).

trial court did not specify whether it was granting a petition to open or to strike the judgment. From the discussion that follows, it is clear that the trial court's action was to strike the default judgment.

A default judgment is properly stricken where a fatal defect appears on the face of the record. *Allison v. Merris*, 342 Pa.Superior Ct. 571, 493 A.2d 738 (1985). The trial court found that, from the face of the record, procedural defects clearly exist.[9] The trial court did not need to open the judgment and take additional testimony to address the Appellees' Petition. The face of the record reveals that the Appellant failed to provide the certificate of notice as required by Pa.R.C.P. No. 237.1 and the prothonotary improperly entered judgment without the certificate.

Appellant contends that no certificate is required under Pa.R.C.P. No. 237.1(b) which states in pertinent part as follows:

(b) This rule does not apply to (1) a judgment entered pursuant to an order or rule to show cause ...

Appellant argues that the trial court's order granting his in forma pauperis motion, ordering Appellees' to respond within twenty days, is an order under the rule.

The section (b) exception to Pa.R.C.P. No. 237.1 plainly applies to judgments entered pursuant to an order of court. The order that Appellant relies upon to invoke the section (b) exception obviously did not direct entry of judgment. Therefore, compliance with Pa.R.C.P. 237.1(a) was required here and from the face of the record, the trial court properly held that it had not been.

Because we have determined that the trial court properly struck the default judgment based upon the failure to comply with Pa.R.C.P. No. 237.1(a), we need not address Appellant's remaining contentions.

---

**9.** The trial court held in relevant part as follows:
Accordingly, this Court granted the Commonwealth's Motion to Open and/or Strike Default Judgment on procedural grounds alone. Thus, a substantive analysis of the matter is not warranted.
*Feigley v. Suomela* (No. 87–797, Huntingdon County, April 12, 1989) slip op. at 2.

Accordingly, the order of the trial court striking the default judgment is affirmed.

## ORDER

AND NOW, September 29, 1989, the order of the Court of Common Pleas of Huntingdon County in the above captioned matter is affirmed.