**PENN–DELCO SCHOOL DISTRICT, Appellee,**

v.

**BELL ATLANTIC–PA, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1999.

Filed Dec. 20, 1999.

Reargument Denied Feb. 23, 2000.

---

**16**

Thomas Gibson, Philadelphia, for appellant.

Mark A. Sereni, Media, for appellee.

Before JOHNSON and STEVENS, JJ., and CIRILLO, President Judge Emeritus.

STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Delaware County denying Appellant Bell Atlantic–Pennsylvania, Inc.'s (Bell Atlantic) petition to open the default judgment entered against it.[1] On appeal, Bell Atlantic contends that the trial court abused its discretion in failing to open the default judgment since (1) the petition to open did not require a verification and (2) Bell Atlantic has a meritorious defense. We reverse and remand for proceedings consistent with this decision.

¶ 2 The relevant facts and procedural history are as follows: Bell Atlantic contracted with the Penn–Delco School District (the Penn–Delco School) to provide various telephone services. A dispute arose concerning the services and, on March 30, 1998, the Penn–Delco School filed a complaint against Bell Atlantic raising numerous allegations of fraudulent misrepresentation, negligent misrepresentation, breach of contract, and breach of implied warranty.[2] The complaint was served on March 31, 1998, and, on April 21, 1998, as a result of Bell Atlantic's failure to respond to the complaint, the Penn–Delco School served Bell Atlantic with a Notice of Intent to File a Default Judgment. Bell Atlantic did not respond to the notice, and, therefore, on May 4, 1998, the Penn–Delco School filed a Praecipe for Entry of Judgment by Default, which was served on Bell Atlantic. On May 7, 1998, the trial court sent Bell Atlantic notice of the default judgment, and, on May 13, 1998, Bell Atlantic filed a petition to open the default judgment, which did not contain a verification. On June 5, 1998, in response to the Penn–Delco School's answer, Bell Atlantic

---

1. We note that Bell Atlantic did not petition the court to strike the default judgment. A petition to open a default judgment and a petition to strike a default judgment are two distinct remedies, which generally are not interchangeable. *U.K. LaSalle, Inc. v. Lawless,* 421 Pa.Super. 496, 618 A.2d 447 (1992).

2. In its complaint, the Penn–Delco School alleged that, prior to 1982, it used a centralized telephone system. The system controlled outgoing telephone calls to eleven separate trunks and required the services of a full-time telephone operator. During the early months of 1982, the Penn–Delco School sought a telephone system which would reduce telephone and operator expenses by routing calls in a different manner. After discussing its needs with various telephone companies, the Penn–Delco School entered into a contract with Bell Atlantic. The Penn–Delco School alleges that it discovered that Bell Atlantic's services were not meeting its needs and that it was being over-billed by Bell Atlantic.

filed a praecipe to affix a verification to its petition, which was signed by Bell Atlantic's attorney. On November 20, 1998, the trial court filed an order and opinion denying Bell Atlantic's petition to open the default judgment entered against it, and, on November 30, 1998, Bell Atlantic filed a motion for reconsideration, which was denied. This timely appeal followed.[3]

¶ 3 "It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal." *Rounsley v. D.C. Ventre & Sons, Inc.*, 361 Pa.Super. 253, 522 A.2d 569, 571 (1987) (citation omitted).

An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Allegheny Hydro No. 1 v. American Line Builders, Inc.*, 722 A.2d 189, 192 (Pa.Super.1998) (quotations omitted).

¶ 4 "In general, a default judgment may be opened when three elements are established: the moving party must (1) promptly file a petition to open the default judgment, (2) show a meritorious defense, and (3) provide a reasonable excuse or explanation for its failure to file a responsive pleading." *Allegheny Hydro No. 1*, 722 A.2d at 191 (citation omitted). However, on July 1, 1995, Pa.R.C.P. 237.3 went into effect. The Rule's purpose is to ease the burden of parties who move promptly for relief from judgment entered by default or non pros.[4] Specifically, Rule 237.3 provides that:

(a) A petition for relief from a judgment of non pros or a default entered pursuant to rule 237.1 shall have attached a verified copy of the complaint or answer which the petitioner seeks leave to file.

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

¶ 5 Here, the trial court concluded, and we agree, that Bell Atlantic filed its petition to open the default judgment within ten days of the judgment being entered, and, therefore, Rule 237.3 is applicable. However, we disagree with the trial court's conclusions that Bell Atlantic is not entitled to relief pursuant to Rule 237.3 since it failed to verify its petition to open the default judgment and a meritorious defense was not stated.

¶ 6 With regard to the verification requirement, we hold that the trial court erred in concluding that Bell Atlantic was not entitled to relief under Rule 237.3 because Bell Atlantic failed to verify the petition to open. As indicated previously, Rule 237.3 indicates that a petition to open a default judgment must have attached thereto a "verified copy of the **complaint or answer** which the petitioner seeks leave to file." Pa.R.C.P. 237.3 (emphasis added). The Rule does not mandate that the petition itself must be verified. Here, Bell Atlantic verified the answer, which was attached to the petition to open, and, as such, Bell Atlantic met the verification requirement of Rule 237.3. However, this does not end our inquiry as the Penn–Delco School argues that the petition to open was required to be verified under Pa.R.C.P. 206.3.

---

**3.** We note that the trial court did not order Bell Atlantic to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b) and that no such Statement was filed.

**4.** We note that Rule 237.3 was not discussed in *Allegheny Hydro* because the praecipe for default judgment was entered on July 25, 1997, and the petition to open was filed on September 4, 1997, more than ten days thereafter. As such, the case was outside of the limited circumstances set forth in Rule 237.3.

**18**

¶ 7 Pa.R.C.P. 206.3 provides that "[a] petition or an answer containing an allegation of fact which does not appear of record shall be verified." Here, Bell Atlantic did not verify the petition to open,[5] and, therefore, we must determine whether the petition contained allegations of fact which do not appear of record. *See* Pa. R.C.P. 206.3; *Clymire v. McKivitz*, 350 Pa.Super. 472, 504 A.2d 937 (1986) (holding that, under Pa.R.C.P. 206, a petition to strike required a verification only if it contained facts which do not appear in the record).

¶ 8 Paragraph one of the petition states that "[o]n or about March 30, 1998, Plaintiff filed a Complaint alleging that as a result of a breach of contract, Plaintiff suffered monetary damages." Paragraph two states that "Plaintiff, through his counsel, filed a Praecipe to Enter Default Judgment on May 4, 1998." Paragraph three states that "[i]mmediately following discovery by undersigned counsel that a Praecipe to Enter Default Judgment has been entered against Defendant, and within ten (10) days of the default being filed, this prompt Petition to Open Judgment is being filed pursuant to 42 Pa.C.S.A. § 237.3." Paragraph four states that "[u]nder the applicable Rules of Civil Procedure, 42 Pa.C.S.A. Section 237.3, defendant need only demonstrate that a meritorious defense exists." Finally, Paragraph five states that "Defendant, Bell Atlantic–Pennsylvania, Inc., has a meritorious defense as evidenced by the attached Answer to Plaintiff's Complaint. See Defendant, Bell Atlantic–Pennsylvania, Inc.'s Answer and New Matter attached hereto and incorporated herein as Exhibit 'C.' "

¶ 9 We conclude that paragraphs one, two, four, and five contain either allegations of fact which appear in the record or conclusions of law for which a verification is not needed. However, we also conclude that paragraph three contains, in part, a fact not appearing in the record, i.e., Bell Atlantic's counsel filed a petition to open immediately following discovery that the praecipe to enter default judgment was filed. After a careful review, we find that this unverified allegation is not a material defect, and, therefore, Bell Atlantic's petition to open the default judgment should not have been denied on this basis.

¶ 10 In *Davis v. Safeguard Investment Company*, 239 Pa.Super. 300, 361 A.2d 893 (1976), this Court held that the failure to verify a petition to open or strike a default judgment should not be routinely condoned. However, the error may be excused where it is inconsequential and not prejudicial. Moreover, "courts should not be astute in enforcing technicalities to defeat apparently meritorious claims...." *Id.* at 896 (quotation omitted). "To determine whether the error is inconsequential and not prejudicial, we must examine the function of the allegation within the context of [the petition to open.]" *Feigley v. Suomela*, 129 Pa.Cmwlth. 81, 564 A.2d 1032, 1034 (1989).[6]

¶ 11 Here, the allegation found in paragraph three, that Bell Atlantic's counsel filed the petition to open immediately after discovering that a default judgment had been entered, is not material to this case. Pursuant to Pa.R.C.P. 237.3, as long as the petition to open is filed within ten days after the entry of the judgment on the docket, the petition may be opened if a meritorious defense is stated. That is,

---

5. As indicated *supra,* after the Penn–Delco School filed an answer to Bell Atlantic's petition to open, Bell Atlantic's attorney filed a praecipe to affix a verification to the petition, which was signed by the attorney. The Penn–Delco School argues that verification by the attorney was inappropriate in this case. In light of our discussion *infra,* we find it unnecessary to determine whether Bell Atlantic's

attorney's verification was sufficient under Pa.R.C.P. 206.3.

6. While we are not bound by Commonwealth Court decisions, we find the reasoning in *Feigley* to be persuasive, and, therefore, we have applied it to the facts of this case. We note that *Feigley* relied heavily on this Court's decision in *Davis*.

Rule 237.3 dispenses with the need to show that the petition to open was filed promptly or that a reasonable excuse exists. Since paragraph three indicated that the petition to open was filed within ten days of the default being filed, Bell Atlantic's averment that the petition was filed immediately after receiving notice of the default is mere surplusage under Pa.R.C.P. 237.3. As such, we find that the Penn–Delco School was not prejudiced by the failure to verify this allegation of fact, and, therefore, the trial court erred in denying the petition to open on this basis. *See Equibank, N.A. v. Dobkin*, 284 Pa.Super. 143, 425 A.2d 461 (1981) (holding that improper verification of complaint in confession of judgment by attorney rather than party was a harmless procedural irregularity, and, therefore, petition to strike was properly denied).

¶ 12 Having made this determination, we must decide whether Bell Atlantic's answer contained a meritorious defense. *See* Pa.R.C.P. 237.3(b). As indicated earlier, where the petitioner files a petition to open the judgment within ten days, as occurred in this case, the petitioner need demonstrate only that the verified pleading attached to the petition states a meritorious defense.[7] *See* Pa.R.C.P. 237.3, 1994 Explanatory Comment, Illustration 4. It is unnecessary for the petitioner to explain its reason for failing to file its answer earlier.

¶ 13 "The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief." *Provident Credit Corporation v. Young*, 300 Pa.Super. 117, 446 A.2d 257, 262 (1982) (citation omitted). "The defendant does not have to prove every element of [its] defense, however, [it] must set forth the defense in precise, specific and clear terms." *Castings Condominium Association v. Klein*, 444 Pa.Super. 68, 663 A.2d 220, 224 (1995) (citation omitted).

¶ 14 In its petition to open, Bell Atlantic stated that "Defendant, Bell Atlantic–Pennsylvania, Inc. has a meritorious defense as evidenced by the attached Answer to Plaintiff's Complaint." This statement, in and of itself, is insufficient to meet the requirement of pleading a meritorious defense. *See Castings Condominium Association, supra.* However, in its answer, Bell Atlantic provided the trial court with nineteen reasons why the Penn–Delco School is not entitled to relief. Included among the reasons are the arguments that the Penn–Delco School's causes of action are barred by the statute of limitations, as well as the doctrine of *res judicata*, and the Penn–Delco School failed to exhaust all available administrative remedies. If Bell Atlantic is able to prove any one of the defenses at trial, it would be entitled to relief. As such, we find that Bell Atlantic has met the meritorious defense requirement under Pa.R.C.P. 237.3. *See Miller Block Company v. U.S. National Bank*, 389 Pa.Super. 461, 567 A.2d 695 (1989) (holding that where the defendant listed sixteen defenses, and any one of the defenses would justify relief at trial, the meritorious defense prong was met).

¶ 15 For all of the foregoing reasons, we reverse the trial court's denial of Bell Atlantic's petition to open the default judgment entered against it and order the default judgment to be opened.

¶ 16 Order reversed. Default judgment opened and case remanded for further proceedings. Jurisdiction is relinquished.

---

7. Here, the docket entry indicates that the default judgment was entered on May 4, 1998, and the petition to open the judgment was filed on May 13, 1998.