**Succheralli v. Amberik**

540

C.P. of Crawford County, no. A.D. 2000-826.

*Alexander J. Jamiolkowski,* for plaintiffs.
*L.C. TeWinkle,* for defendants.

VARDARO, *J.,* January 24, 2001—The plaintiffs filed a complaint against the defendants in which it was al-

leged that the wife-plaintiff received certain injuries as a result of a fall in a mobile home owned by the defendant Amberik, for which it is alleged the defendant Dulliver was a leasing agent. Essentially, the plaintiffs allege in that complaint that the defendants were negligent because a certain handrail separated, causing the wife-plaintiff's fall.

On September 29, 2000, the plaintiffs filed a praecipe to enter a default judgment and attached copies of notices addressed to each defendant dated September 13, 2000, substantially in the form set forth in Pa.R.C.P. 237.5.

The praecipe to enter default judgment filed on September 29, 2000 by the plaintiffs merely stated the following:

"To The Prothonotary:

"Kindly enter judgment in favor of the plaintiff and against both defendants in the above captioned case."

The defendants have now filed a petition to strike or, in the alternative, petition to open default judgment. Without consideration of all of the issues that have been raised by the defendants, we will now strike the judgment.

It has long been the law of this Commonwealth that a default judgment will be stricken where a fatal defect appears on the face of the record on which the judgment was entered. *Germantown Savings Bank v. Talacki,* 441 Pa. Super. 513, 657 A.2d 1285 (1995).

The default judgment in this case was entered pursuant to Pa.R.C.P. 237.1(a)(2)(ii). Those relevant portions of Rule 237.1 state:

"(2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be filed

by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered

"(ii) in the case of a judgment by default, after the failure to plead to a complaint in at least 10 days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any."

When the prothonotary entered judgment against both the defendants pursuant to the September 29, 2000 praecipe to enter default judgment filed by the plaintiffs, there was no required certification on the record and, therefore, the prothonotary improperly entered the judgment in favor of the plaintiffs.

Consequently, the judgment must be stricken.

The Commonwealth Court of Pennsylvania addressed a similar circumstance in the case of *Feigley v. Suomela*, 129 Pa. Commw. 81, 564 A.2d 1032 (1989). In that case, the prothonotary had entered judgment on behalf of the plaintiff without the plaintiff filing the required certification and the lower court struck the default judgment for that procedural defect. The Commonwealth court agreed, indicating that the prothonotary had improperly entered judgment without that certification.

In the case now before us, the plaintiffs have filed a response to petition to strike and/or petition to open default judgment and have attached thereto what would appear to be evidence that, in fact, the notices of September 13, 2000, were sent to each defendant by certified mail with the defendant Amberik receiving the same on September 21, 2000 through an agent and the defendant Dulliver receiving the same on September 25, 2000, through an agent.

We do not believe that the plaintiffs' response, including that information, cures the defect.

The reason for that conclusion is that, in deciding whether or not to strike a judgment as we have indicated, we must examine whether there was a fatal defect on the face of the record, and in this case when the prothonotary entered judgment, there was, in fact a fatal defect on the record. Therefore the prothonotary was without authority to enter the judgment when she did so.

The Court of Common Pleas of Adams County was confronted with a similar factual situation, except that while the required certification was not contained in the praecipe to enter default judgment, counsel for the plaintiffs maintained that oral certification had been given to a deputy prothonotary. In that case, Judge Kuhn concluded that Rule 237.1 contemplates a written and not oral certification, and at the time the judgment was entered there was no such written certification. Therefore, the prothonotary was without authority to enter the judgment. *Flickinger v. Spicer,* 23 D.&C.4th 308 (1995).

In that case, as in the case before us, it may well have been that the proper notices had been sent to the defendants at least 10 days prior to the praecipe to enter the default judgment was filed, but as is the case in the matter now before this court, the required written certification contemplated by Rule 237.1 was not of record when the prothonotary entered the default judgment, and that is the procedural defect that requires the judgment to be stricken.

Accordingly, we will enter the following order:

544

## ORDER

And now, January 24, 2001, the defendants' petition to strike a default judgment is granted and the default judgment entered against both defendants by the pro-thonotary as a result of the September 29, 2000, praecipe to enter default judgment is stricken.