**Commonwealth Financial Systems, Inc. v. Quistgaard**

C.P. of Monroe County, no. 6215 CV 2008.

*T. Axel Jones*, for plaintiff.
*Alan R. Mege*, for defendant.

ZULICK, *J.*, October 15, 2010—This case comes before the court on defendant Jennifer A. Quistgaard's petition to open or strike a default judgment entered for plaintiff Commonwealth Financial Systems, Inc. (CFSI) on August 8, 2008. CFSI commenced this action after Ms. Quistgaard allegedly failed to make monthly payments and defaulted on a credit card account owned by CFSI. Quistgaard's petition to open or strike was filed on August 18, 2008.

## DISCUSSION

### *Verification of Petition*

As a preliminary matter, CFSI argues that Ms. Quistgaard's petition is noncompliant with the Pennsylvania Rules of Civil Procedure because it lacks required verification. It asserts that pursuant to Pa.R.C.P. 237.3, the preliminary objections attached to the complaint should have been verified but were not. It further contends that Ms. Quistgaard's petition contains facts not-of-record and it is therefore noncompliant with Pa.R.C.P. 206.3. Rule 206.3 requires verification of a petition containing an allegation of fact that does not appear in the record.

"A petition containing an allegation of fact which does not appear of record shall be verified." Pa.R.C.P. 206.3. Failure to properly verify a petition to strike or open a judgment should not be routinely condoned. *Feigley v. Suomela*, 564 A.2d 1032, 1034 (Pa. Cmwlth. 1989) (citing *Davis v. Safeguard Inv. Co.*, 361 A.2d 893 (Pa. Super. 1976)). However, the error may be excused where it is inconsequential and not

prejudicial. Furthermore, "courts should not be astute in enforcing technicalities to defeat apparently meritorious claims...." *Id.* at 896 (quoting *West Penn Sand & Gravel Co. v. Shippingport Sand Co.*, 80 A.2d 84, 86 (1951)).

Ms. Quistgaard's petition contains the following allegations not-of-record:

5. That counsel for plaintiff was aware of same [that Mr. Jones represented Ms. Quistgaard before the district judge], yet failed to serve counsel for the defendant with the complaint.

6. Furthermore, that counsel for the plaintiff failed to serve counsel for the defendant with a copy of the 10-day notice.

7. That defendant never received a copy of the 10-day notice.

*Petition to open/strike judgment, page 1,* ¶¶ *5-7.* The court notes that CFSI's response to the Quistgaard petition was not verified either. CFSI filed a reply to defendant's petition on August 28, 2008, without a verification. CFSI then filed a praecipe to attach a verification on July 20, 2010, the same day it praeciped the case for argument.

Ms. Quistgaard will be given leave to amend by filing verifications to her petition and preliminary objections to support her contention that attorney Jones appeared of record as her attorney in the district court. Her petition will be reviewed as though the preliminary objections were properly verified, on the condition that she files the missing verifications.

*Adequacy of Notice*

Quistgaard alleges that CFSI failed to comply with Pa.R.C.P. 237.1 when it filed a praecipe for entry of default judgment without sending notice of its intent to enter the judgment to either Ms. Quistgaard or her counsel of record, Attorney Jones. Pa.R.C.P. 237.1 provides in pertinent part:

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to that party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of filing of the praecipe....

The relevant inquiry under Pa.R.C.P. 237.1 is whether the *prothonotary* received certification that a written notice of intent to file a default judgment had been sent to the opposing party and the attorney at least ten days prior to the filing of a praecipe for default judgment. The issue is *not* whether Ms. Quistgaard and Attorney Jones actually received the notice. *See Feigley v. Suomela,* supra, at 1034 (finding irrelevant and inconsequential allegations of fact not on record addressing issue of whether parties in default had received notice prior to entry of default judgment, and not issue of prothonotary's receipt of certification of notice.)

Ms. Quistgaard's allegations do not question the prothonotary's receipt of certification. I am able to determine from the record that CFSI did file a praecipe for default judgment with the Prothonotary stating that it served a copy of the ten-day notice on the defendant with a copy attached. If CFSI was not required to serve attorney Jones by the rules, this certification complied with rule 237.1(a)(2) and (3).

Attorney Jones contends that he was "counsel of record"

because he represented Quistgaard at the district judge's office.[1] No appearance was entered in this court by attorney Jones pursuant to Pa.R.C.P. 1012. The question presented here is whether attorney Jones is an "attorney of record" for purposes of serving notice of the default judgment. The Rules of Civil Procedure for Magisterial District Judges provide that when filing an appeal from a judgment of a district court:

> The appellant shall by personal service or by certified or registered mail serve a copy of his notice of appeal upon the appellee and upon the magisterial district judge in whose office the judgment was rendered...If the appellee has an attorney of record named in the complaint form filed in the office of the magisterial district judge, the service upon the appellee may be made upon the attorney of record instead of upon the appellee personally. M.D.J.R.C.P. 1005.

The M.D.J. rules refer to counsel who appears for a party as an "attorney of record" and this is an appeal from the M.D.J. court. While our appellate courts do not appear to have addressed this issue, it is clear under the M.D.J. rules that an attorney appearing there is "an attorney of record" for purposes of the appeal. Thus, when Pa.R.C.P. 237.1 (a)(2)(ii) refers to serving the party's "attorney of record" a consistent application of the rules should include an attorney of record in the M.D.J. proceedings, where this case began.

CFSI did not serve Jones with the ten day notice, so there

---

1. Attorney Jones attached to his brief a copy of a Notice of Intent to defend addressed to CFSI from the district judge's office, in which Jones is listed as Quistgaard's attorney of record there. CFSI moved the case down for argument without requesting a hearing so the court is accepting Quistgaard's allegation that Jones was her lawyer in the court below.

is a defect apparent on the record, and the default judgment will be stricken. Because the judgment is being stricken, it is not necessary to discuss the parties' arguments about the opening of the judgment.

## ORDER

And now, October 15, 2010, upon consideration of defendant's petition, and the parties' briefs and arguments, it is hereby ordered as follows:

1.    Defendant's petition to strike the default judgment is granted provided that defendant files a substituted verification of her petition and preliminary objections within twenty days.

2.    Defendant's preliminary objections will be placed by the prothonotary on the argument list for December 6, 2010, and the parties will file briefs in accordance with 43 J.D.R.C.P. 210.