J-A07028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ZHI LIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACK M. BERNARD | : | |
| | : | |
| Appellant | : | No. 831 EDA 2022 |

Appeal from the Order Entered March 21, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  2108000779

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                        **FILED MAY 2, 2023**

Jack M. Bernard appeals from the trial court order denying his petition to open the default judgment entered against him and in favor of Zhi Lin. We affirm.

Lin initiated a negligence and breach of contract action against Bernard in August 2021 and subsequently filed an affidavit of service confirming that personal service occurred in September and October 2021. On December 4, 2021, Bernard's counsel entered an appearance. In December 2021, Lin filed a praecipe for entry of default judgment. Lin attached to it a copy of the certificate of service of the notice of praecipe to enter the default judgment, stating the notice had been served by mail on November 24, 2021. The court entered the default judgment on December 8, 2021.

On December 20, 2021, Bernard filed a petition to open the judgment by default, arguing the affidavit of service was fraudulent and claiming he had

not been served with the complaint and had not received notice of intent to enter default. He also attached preliminary objections raising improper service of process, lack of personal jurisdiction for failure to serve the complaint, and failure to conform to law or rule of court for failing to plead whether the contract was written or oral and, if written, to attach the contract.

In January 2022, the trial court issued a rule to show cause why the petition should not be granted. At the hearing, Bernard claimed he had received a package from Lin in August 2021 that included a letter referencing the enclosed complaint and some papers, but not the complaint. N.T., Mar. 16, 2022, at 7-9. However, Bernard then abandoned his argument regarding service, and proceeded only on the claim that he raised a meritorious preliminary objection because Lin did not properly plead whether the contract was written or oral and, if written, failed to attach the contract, as required by Pa.R.C.P. 1019(h) and (i). *Id.* at 35-36. Bernard argued the court had to open the judgment under Pa.R.C.P. 237.3. *Id.* at 10-12.

The court denied the petition to open the default judgment, finding Bernard had not asserted a meritorious defense. Bernard filed a timely appeal.

Bernard raises the following issues:

> 1. Did the trial court commit an error of law when it denied [Bernard's] Petition to Open the Default Judgment entered on December 8, 2021?
>
> 2. Did the trial court commit an error of law in its application of Pa.R.C.P. No. 237.3(b)(2) to [Bernard's] timely Petition to Open the Default Judgment with his proposed Preliminary Objections ("Petition") attached thereto?

3. Did the trial court commit an error of law in determining that [Bernard] was required to plead a meritorious defense instead of one or more preliminary objections with merit?

Bernard's Br. at 7. Bernard's claims are related, and we will address them together.

Bernard argues that under Rule 237.3, if a petition to open is filed within ten days of the entry of the default judgment, the court must grant it where the petitioner attaches one or more meritorious preliminary objections. He points out he filed the motion to open within ten days of the entry of default judgment. He then argues he attached his preliminary objections, which included improper service of process, lack of personal jurisdiction, and failure to conform to rule of court or law because Lin did not attach a copy of the contract.

Bernard argues that because Lin did not plead whether the contract was written or oral or attach a copy of any written agreement, his third preliminary objection had merit and therefore the court had to grant the petition to open. Bernard relies on *Estate of Bradley v. A.B.E. Group*, No. 2461 EDA 2021, 2022 WL 4282829 (Pa.Super. filed Sept. 16, 2022) (unpublished memorandum), as persuasive authority that he claims supports his argument that the court must grant the petition to open if the objection has merit and would normally be granted at the preliminary objection stage. He further argues on appeal that he was not properly served in Massachusetts, as the mail delivery was not signed for by Bernard or an authorized agent.

"[A] petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal." **Myers v. Wells Fargo Bank, N.A.**, 986 A.2d 171, 175 (Pa.Super. 2009) (quoting **US Bank N.A. v. Mallory**, 982 A.2d 986, 994 (Pa.Super. 2009)). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." **Id.** (quoting **Mallory**, 982 A.2d at 994).

A court may open a default judgment "if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." **Id.** at 176. "[A] meritorious defense is . . . a defense . . . that if proved at trial would justify relief." **Smith v. Morrell Beer Distr., Inc.**, 29 A.3d 23, 26 (Pa.Super. 2011) (quoting **Penn-Delco Sch. Dist. v. Bell Atl.-Pa. Inc.**, 745 A.2d 14, 19 (Pa.Super. 1999)).

Under Rule 237.3(b)(2), the first and second prongs of the test are presumed to be met, and the trial court must open the judgment if the petitioner filed the petition to open within 10 days of the entry of the default judgment and one or more proposed preliminary objections has merit:

> (2) If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.

Pa.R.C.P. 237.3(b)(2). Rule 237.3(b)(2) "does not change the law of opening judgments." Rule 237.3, Note. "Rather, the rule supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment." *Id.*

In *Estate of Bradley*, 2022 WL 4282829, at *1, this Court reversed the denial of a petition to open where it was filed within ten days of the entry of the default judgment, and it raised a demurrer to a request for attorney fees.[1] We pointed out that Rule 237.3 did not alter the law of opening judgment, "but merely ease[d] the burden of a party against whom judgment has been entered and who move[d] promptly for relief from that judgment." *Id.* at *2. We reasoned that when the petition to open is filed within 10 days, the "only relevant point of inquiry for the trial court" is whether the petitioner alleged "a meritorious defense in [the] preliminary objections." *Id.* at *3. We reiterated that the requirement of a meritorious defense is that a "defense must be pleaded that if proved at trial would justify relief." *Id.* at *4 (citation omitted). We concluded that the petitioner in the *Estate of Bradley* had raised a meritorious defense because if the petitioner proved that no statute or agreement provided for the recovery of counsel fees, and no other exception applied, the petitioner would be entitled to relief. *Id.* at *5.

---

[1] This Court may cite its unpublished non-precedential memoranda filed after May 1, 2019, for their persuasive value. Pa.R.A.P. 126(b).

Here, the trial court found that Bernard did not include a meritorious preliminary objection. The court found that Bernard's third objection—failure to conform to Pa.R.C.P. 1019(h) and (i) by not stating whether the agreement was oral or written or attaching a written contract—lacked merit. It reasoned that the objection would not justify relief at trial, as it did "not address the crux of the complaint, negligence and malpractice," and would not justify relief on the claims.[2] Trial Court Opinion, June 8, 2022, at 4. It further found that a judgment should not be opened on a mere technical ground, and the failure to attach a contract or allege whether it was oral or written, was a technical defense. *Id.*

The court did not abuse its discretion in finding Bernard's third preliminary objection did not raise a meritorious defense for purposes of the petition to open. The failure to allege whether the contract was written or oral or to attach a written complaint was a curable error in pleading and would not justify relief at trial. Moreover, in addition to the contract claim, the complaint asserted a claim for negligence.

On appeal, Bernard argues that the service was improper because it was not signed for by him or an authorized agent. He did not raise this argument before the trial court. He therefore waived this claim and we will not consider

---

[2] The complaint alleged that Bernard was Lin's attorney and failed to file responses or appear at scheduled conferences.

it on appeal. ***See*** Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").[3, 4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2023

_____

[3] In the preliminary objections, Bernard claimed he had not been served. At the hearing, he clarified he received the package, but claimed it did not include the complaint. He then only sought relief based on his claim that the complaint failed to conform to Pa.R.C.P. 1019(h) and (i). ***See*** N.T., Mar. 16, 2022, at 35-36; Trial Ct. Op. at 3.

[4] If Bernard had raised on appeal the same claim he raised in the trial court, that is, he did not receive the complaint, we would conclude the court did not abuse its discretion in finding he abandoned this claim and that it lacked merit. ***See*** Trial Ct. Op. at 3.