J-A07028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ZHI LIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACK M. BERNARD | : | |
| | : | |
| Appellant | : | No. 831 EDA 2022 |

Appeal from the Order Entered March 21, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 2108000779

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 12, 2024**

Jack M. Bernard appeals from the trial court order denying his petition to open the default judgment entered against him and in favor of Zhi Lin. We reverse.

Lin initiated a negligence and breach of contract action against Bernard in August 2021 and subsequently filed an affidavit of service confirming that personal service occurred in September and October 2021. On December 4, 2021, Bernard's counsel entered an appearance. In December 2021, Lin filed a praecipe for entry of default judgment. Lin attached to it a copy of the certificate of service of the notice of praecipe to enter the default judgment, stating the notice had been served by mail on November 24, 2021. The court entered the default judgment on December 8, 2021.

On December 20, 2021, Bernard filed a petition to open the judgment by default, arguing the affidavit of service was fraudulent and claiming he had

not been served with the complaint and had not received notice of intent to enter default. He also attached preliminary objections raising improper service of process, lack of personal jurisdiction for failure to serve the complaint, and failure to conform to law or rule of court for failing to plead whether the contract was written or oral and, if written, to attach the contract.

In January 2022, the trial court issued a rule to show cause why the petition should not be granted. At the hearing, Bernard abandoned his argument regarding service, and proceeded only on the claim that he raised a meritorious preliminary objection because Lin did not properly plead whether the contract was written or oral and, if written, failed to attach the contract, as required by Pa.R.C.P. 1019(h) and (i). N.T., Mar. 16, 2022, at 34-36. Bernard argued the court had to open the judgment under Pa.R.C.P. 237.3. *Id.* at 10-12.

The court denied the petition to open the default judgment, finding Bernard had not asserted a meritorious defense. Bernard filed a timely appeal.[1]

Bernard raises the following issues:

_____

[1] This Court previously filed a memorandum disposing of this appeal. Bernard filed an application for reargument *en banc*. This Court granted the application. Order, filed July 11, 2023. Following argument, this Court issued an Order deeming the *en banc* argument as having been improvidently granted, vacating the order granting reargument *en banc*, and granting panel reconsideration. Order, filed June 7, 2024.

1. Did the trial court commit an error of law when it denied [Bernard's] Petition to Open the Default Judgment entered on December 8, 2021?

2. Did the trial court commit an error of law in its application of Pa.R.C.P. No. 237.3(b)(2) to [Bernard's] timely Petition to Open the Default Judgment with his proposed Preliminary Objections ("Petition") attached thereto?

3. Did the trial court commit an error of law in determining that [Bernard] was required to plead a meritorious defense instead of one or more preliminary objections with merit?

Bernard's Br. at 7. Bernard's claims are related, and we will address them together.

Bernard argues that under Rule 237.3, if a petition to open is filed within ten days of the entry of the default judgment, the court must grant it where the petitioner attaches one or more meritorious preliminary objections. He points out he filed the petition to open within ten days of the entry of default judgment. He then argues he attached his preliminary objections, which included improper service of process, lack of personal jurisdiction, and failure to conform to rule of court or law because Lin did not attach a copy of the contract.

Bernard argues that because Lin did not plead whether the contract was written or oral or attach a copy of any written agreement, his third preliminary objection had merit and therefore the court had to grant the petition to open. Bernard relies on *Estate of Bradley v. A.B.E. Group*, No. 2461 EDA 2021, 2022 WL 4282829 (Pa.Super. filed Sept. 16, 2022) (unpublished memorandum), as persuasive authority that he claims supports his argument that the court must grant the petition to open if the objection has merit and

would normally be granted at the preliminary objection stage. He further argues on appeal that he was not properly served in Massachusetts, as the mail delivery was not signed for by Bernard or an authorized agent.

"[A] petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal." **Myers v. Wells Fargo Bank, N.A.**, 986 A.2d 171, 175 (Pa.Super. 2009) (quoting **US Bank N.A. v. Mallory**, 982 A.2d 986, 994 (Pa.Super. 2009)). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." **Id.** (quoting **Mallory**, 982 A.2d at 994).

A court may open a default judgment "if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." **Id.** at 175-76. "[A] meritorious defense is . . . a defense . . . that if proved at trial would justify relief." **Smith v. Morrell Beer Distr., Inc.**, 29 A.3d 23, 26 (Pa.Super. 2011) (quoting **Penn-Delco Sch. Dist. v. Bell Atl.- Pa. Inc.**, 745 A.2d 14, 19 (Pa.Super. 1999)).

Under Rule 237.3(b)(2), the first and second prongs of the test are presumed to be met, and the trial court must open the judgment if the petitioner filed the petition to open within 10 days of the entry of the default judgment and one or more proposed preliminary objections has merit:

> (2) If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.

Pa.R.C.P. 237.3(b)(2).

Here, Bernard filed his petition to open within ten days of the entry of default and therefore Rule 237.3(b)(2) applied.[2] The trial court denied the petition to open, finding Bernard did not include a meritorious preliminary objection. The court found that Bernard's third objection—failure to conform to Pa.R.C.P. 1019(h) and (i) by not stating whether the agreement was oral or written or attaching a written contract—lacked merit. It reasoned that the objection would not justify relief at trial, as it did "not address the crux of the complaint, negligence and malpractice," and would not justify relief on the claims.[3] Trial Court Opinion, June 8, 2022, at 4. It further found that a judgment should not be opened on a mere technical ground, and the failure to attach a contract or allege whether it was oral or written, was a technical defense. ***Id.***

---

[2] The tenth day following entry of default, December 18, 2021, fell on a Saturday. Therefore, the petition to open, filed December 20, 2021, was filed within ten days of the date of default. ***See*** Pa.R.C.P. 107(b) ("Whenever the last day of any [period of time referred to in any rule] shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[3] The complaint alleged that Bernard was Lin's attorney and failed to file responses or appear at scheduled conferences.

We conclude the trial court abused its discretion. Rule 1019(h) and (i) provide that where a claim "is based upon an agreement, the pleading shall state specifically if the agreement is oral or written" and if the claim is based upon a writing, the plaintiff "shall attach a copy of the writing, or the material part thereof." Pa.R.C.P. 1019(h) and (i). Rule 237.3(b) provides that where a petition to open is filed within ten days of the entry of default, judgment should be opened where "one or more of the proposed preliminary objections has merit." Pa.R.C.P. 237.3(b). The Rule does not require that the preliminary objection raise a meritorious defense, as it does of an answer. Here, Lin failed to allege in the Complaint whether the contract was written or oral and, if written, failed to attach the writing. Therefore, Bernard's third preliminary objection – that Lin failed to allege whether the contract was written or oral or to attach a written contract – had merit and the trial court should have granted the petition to open.[4]

Order reversed. Case remanded. Jurisdiction relinquished.

Judge McCaffery did not participate in the consideration or decision of this case.

---

[4] Because we conclude the trial court erred in denying the petition to open based on the third preliminary objection, we need not address Bernard's claim on appeal that the service was improper because it was not signed for by him or an authorized agent.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/12/2024