Gloria Gail KURNS, Executrix of The Estate of George M. Corson, Deceased, Appellant

v.

SOO LINE RAILROAD, Appellee.

Superior Court of Pennsylvania.

Argued April 3, 2013.
Filed July 17, 2013.
Reargument Denied Sept. 13, 2013.

Robert E. Paul, Philadelphia, for appellant.

Jonathan Dryer, Philadelphia, for appellee.

BEFORE: PANELLA, J., OLSON, J., and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.:

Gloria Gail Kurns (Kurns), as executrix of the estate of George M. Corson (Corson), appeals from the judgment entered on June 21, 2012, in this asbestos case. Specifically, Kurns asks this Court to review the order dated May 8, 2008 which granted summary judgment to Soo Line Railroad (Soo Line). Because Kurns waived all of the arguments regarding the order, we affirm.

We begin discussion of the complicated history of this case with the following summary by the United States Supreme Court.

George Corson was employed as a welder and machinist by the Chicago, Milwaukee, St. Paul & Pacific Railroad [ (Railroad) ] from 1947 until 1974. Corson worked in locomotive repair and maintenance facilities, where his duties included installing brakeshoes on locomotives and stripping insulation from locomotive boilers. In 2005, Corson was diagnosed with malignant mesothelioma.

In 2007, Corson and his wife filed suit in Pennsylvania state court against 59 defendants, including [Soo Line, the successor to Railroad,] Railroad Friction Products Corporation (RFPC) and Viad Corp (Viad). According to the complaint, [Corson was exposed to asbestos through his work for Railroad, including products such as brakeshoes distributed by RFPC and engine valves sold by Viad's precedessor]. Corson alleged that he handled this equipment and that he was injured by exposure to asbestos. The complaint asserted state-law claims that the equipment was defectively designed because it contained asbestos, and that respondents failed to warn of the dangers of asbestos or to provide instructions regarding its safe use, [as well as claims against Soo Line under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60]. After the complaint was filed, Corson passed away, [Kurns] was substituted as a party. . . .

*Kurns v. Railroad Friction Products Corp.*, —— U.S. ——, 132 S.Ct. 1261, 1264–1265, —— L.Ed.2d —— (2012).

In April and May 2008, orders granting summary judgment to most defendants, including Soo Line and co-defendants Airco/BOC and Westinghouse, were entered by the Philadelphia County Court of Common Pleas (trial court). By notice filed on May 13, 2008, RFPC removed the case to the United States District Court for the Eastern District of Pennsylvania (district court) based upon diversity jurisdiction. That same day, the trial court entered orders denying the summary judgment motions of RFPC and Viad.

On May 29, 2008, Kurns filed in the trial court an "emergency motion to reconsider grant of summary judgment to Soo Line." On June 4, 2008, Kurns filed a notice of appeal to this Court from the orders granting summary judgment to Airco/BOC, Westinghouse, and Soo Line. By order of July 23, 2008, the district court scheduled the case for a settlement conference. On October 9, 2008, the trial court "marked as moot" the motion for reconsideration. Two days later, Kurns filed in the district court a motion for reconsideration of the grant of summary judgment to Soo Line. Kurns filed similar reconsideration motions in the district court as to defendants Airco/BOC and American Standard. Soo Line responded in district court on August 27, 2008.

---

\* Retired Senior Judge assigned to the Superior Court.

On September 11, 2008, the district court signed an order stating "upon consideration of Plaintiffs' Motion for Reconsideration of Summary Judgment to Airco/BOC, and any response(s) thereto, it is hereby ORDERED and DECREED that said Motion is hereby DENIED without prejudice as this Court is without jurisdiction over this matter." District Court Order, 9/12/2008 (emphasis omitted). There are no orders on the district court docket separately addressing the motions for reconsideration as to Soo Line and American Standard.

The case proceeded in the district court with RFPC and Viad remaining as defendants while Kurns' appeal as to Soo Line, Airco/BOC, and Westinghouse Air Brake (Westinghouse) remained pending before this Court. In September and October of 2008, RFPC and Viad again moved for summary judgment in the district court. On October 23, 2008, Airco/BOC filed in this Court an application to quash Kurns' appeal. This Court, by order of December 4, 2008, denied the application to quash without prejudice to Airco/BOC's right to raise the issue before the merits panel. The district court, by order of February 3, 2009, granted summary judgment to RFPC and Viad, holding that the claims were preempted by federal law.

On February 24, 2009, Airco/BOC filed in the district court a motion for clarification of the September 2008 order which had denied without prejudice Kurns' motion for reconsideration. On March 4, 2009, Kurns filed in the district court a notice of appeal to the Third Circuit Court of Appeals. Two weeks later, Kurns filed in the district court a response to Airco's motion for clarification. The motion for clarification was eventually denied without prejudice by the district court by order of August 14, 2009.

On September 15, 2009, this Court quashed Kurns' appeal of the summary judgments in favor of Soo Line, Airco/BOC, and Westinghouse, holding that the removal of the case to federal court stripped this Court of jurisdiction. This Court cited relevant federal law which provides that after a notice of removal is filed with the state court, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). This Court explained that, because a notice of removal removes the entire civil action to the federal court, the interlocutory orders granting summary judgment to Soo Line, Airco, and Westinghouse "were also effectively removed to federal court as part of that action." *Kurns v. Airco*, 1746 EDA 2008, unpublished memorandum at 8 n. 6, 986 A.2d 1293 (Pa.Super. filed September 15, 2009) (citing 28 U.S.C. § 1450). Kurns did not seek review of this Court's decision in the Pennsylvania Supreme Court.

On September 9, 2010, the Third Circuit affirmed the district court's dismissal of Kurns' claims as to RFPC and Viad, holding that Kurns' tort claims against RFPC and Viad were preempted by federal law. *See Kurns v. A.W. Chesterton, Inc.*, 620 F.3d 392 (3d Cir.2010). Kurns appealed the decision to the United States Supreme Court, which affirmed the Third Circuit by opinion published on February 29, 2012. *See Kurns*, 132 S.Ct. at 1265.

The district court received the record back from the Supreme Court on May 22, 2012. On June 4, 2012, the district court sent the record back to the trial court with a letter explaining that the case had been disposed of in the federal court. The trial court recorded a docket entry on June 21, 2012 reflecting that the case had been remanded and the record returned.

On June 27, 2012, Kurns filed in the trial court a notice of appeal to this Court from

the May 2008 order granting summary judgment to Soo Line. Both Kurns and the trial court complied with Pa.R.A.P. 1925. Kurns states two questions for our review.

1. Did [Kurns] offer sufficient evidence to probe [*sic*] that Soo Line Railroad's negligence, however slight, contributed to causing George Corson's malignant mesothelioma?

2. Under [the United States Supreme Court's decision in the instant case, cited *supra*,] is Soo Line Railroad strictly liable for George Corson's malignant mesothelioma?

Kurns' Brief at 4 (trial court answers omitted). Before addressing the merits of Kurns' questions, we consider whether they have been preserved for our review.

■ "An appellant cannot pursue in a subsequent appeal matters which he or she could have pursued in a prior appeal." *Smitley v. Holiday Rambler Corp.*, 707 A.2d 520, 525 (Pa.Super.1998). *See also Glynn v. Glynn*, 789 A.2d 242, 249 n. 10 (Pa.Super.2001) (same). Therefore, if Kurns could have challenged the grant of summary judgment in her appeal to the Third Circuit, she cannot now challenge it in this Court.

■ "Whenever any action is removed from a State court to a district court of the United States, ... [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. "After removal, the federal court takes the case up where the State court left it off." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) (quotation and citation omitted).

■ "The federal court accepts the case in its current posture as though everything done in state court had in fact been done in the federal court." *See also Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir.1988) (quotation and citation omitted).

[W]henever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed. The district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered.

*In re Diet Drugs*, 282 F.3d 220, 232 n. 7 (3d Cir.2002).

■ Accordingly, removal of the case to the district court transformed, for all intents and purposes, the trial court's order granting Soo Line's motion for summary judgment into an order of the district court. Appellate review of that order, then, was properly sought in the Third Circuit along with review of the district court's orders granting summary judgment to RFPC and Viad. *See* 28 U.S.C. § 1291 (providing that the courts of appeals have jurisdiction over appeals from all final orders of the district courts); *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 32 n. 3 (3d Cir.2011) (noting district court's order dismissing two defendants was not final and appealable until all claims against all defendants were resolved). *See also Wichita Royalty Co. v. City Nat. Bank of Wichita Falls*, 306 U.S. 103, 107, 59 S.Ct. 420, 83 L.Ed. 515 (1939) ("[The Court of Appeals for the Fifth Circuit] correctly stated that by reason of the removal [from Texas state court to the federal district court,] it had been substituted for the Texas Supreme Court as the appropriate court of appeal and that it was its duty to apply the Texas law as the Texas court would have declared and applied it on a second appeal if the cause had not been removed.").

Kurns argues that there is no waiver in the instant case because (1) she relied

upon the district court's "implicitly rul[ing] that it was without jurisdiction" to reconsider the grant of summary judgment to Soo Line; and (2) because this Court in the memorandum quashing Kurns' first appeal "directed [Kurns] to seek remand from the district court after the federal proceedings were concluded, so [Kurns] could again appeal the grants of summary judgment that had been quashed." Kurns' Reply Brief at 1.

Whether the district court's "implicit" ruling[1] that the district court lacked jurisdiction was correct was a question properly addressed to the Third Circuit, where Kurns appealed other district court orders rather than relying on the district court's "official pronouncement[ ]"[2] that her claims against RFPC and Viad were preempted.

Furthermore, Kurns' representation of what this Court stated in the prior appeal is inaccurate. This Court expressly stated that the interlocutory orders granting summary judgment to Soo Line, Airco, and Westinghouse "were also effectively removed to federal court as part of that action." *Kurns*, 1746 EDA 2008, unpublished memorandum at 8 n. 6. This Court went on to explain that the fact that the district court had reconsidered the grant of summary judgment as to RFPC and Viad, after having declined to reconsider summary judgment as to Airco, Westinghouse, and Soo Line, supported this Court's position that the entire case was removed to the federal court.

When the federal court granted summary judgment in favor of RFPC and VIAD, it did **not** remand the case back to state court. Thus, the action remained viable in federal court so that [Kurns] had the prerogative to file an appeal. Further, the earlier order of the federal judge denying jurisdiction over the state court order granting summary judgment to Airco specifically denied relief "without prejudice," but did not indicate what future recourse was still available. Thus, any clarification of or further relief from the federal order may prompt [Kurns] to, aside from an appeal, petition the federal court to remand the case to state court. Consequently, [Kurns'] right to appeal the summary judgment orders is not lost. *Id.* at 8 n. 5 (emphasis in original).

In this footnote, this Court informed Kurns that the **federal** court was the place to seek the relief she requested. This Court did not direct her to seek remand **after** the federal proceedings were concluded. Rather, we indicated, Kurns had the option to appeal in the federal system. Aside from that, she had the option to petition the district court to remand the case to state court so she could appeal to this Court. Either way, she did not lose her right to appellate review of the orders granting the summary judgment motions of Soo Line, Airco, and Westinghouse. This Court in no way suggested that Kurns could appeal some orders all the way to the United States Supreme Court and then, when the case was concluded

---

1. We again note that there is no order specifically ruling upon Kurns' motion for reconsideration of summary judgment in favor of Soo Line; the order disclaiming jurisdiction references only the motion for reconsideration as to Airco. However, as Kurns observes, it appears that the federal appellate courts considered the question closed, as the appeals challenging the judgments in favor of RFPC and Viad were not dismissed as interlocutory.

Kurns' Reply Brief at 3. Indeed, the district court's indication to the trial court by letter that the case had been "disposed of" in federal court, rather than ordering that the case was remanded for further proceedings, indicates that there were no pending issues for the trial court to decide.

2. Kurns' Reply Brief at 5.

and the record was sent back to the trial court *sua sponte* by the federal court, file a new appeal to this Court.

In sum, the interlocutory trial court order granting Soo Line's motion for summary judgment was removed to the federal court along with the rest of the case. Upon removal, the order was "transformed by operation of 28 U.S.C. § 1450" into an order of the district court. *In re Diet Drugs*, 282 F.3d at 232 n. 7. "The district court [was] thereupon free to treat the order as it would any such interlocutory order it might itself have entered." *Id.* Because she did not challenge that order when she filed her appeal to the Third Circuit, we are constrained to hold that Kurns waived the questions she now presents to this court.[3] *See Smitley, supra,* 707 A.2d at 525.

Judgment affirmed.

---

**3.** This Court is not, as Kurns suggests, "impos[ing] an unfair duty of hindsight" upon her. Kurns' Reply Brief at 3. This Court did not cite new or recent authority in the memorandum quashing the prior appeal for the proposition that all state court orders are removed to federal court when one party files a notice of removal. In fact, in quashing Kurns' first appeal, this Court pointed her to 28 U.S.C. § 1450, *Granny Goose Foods, Inc., supra,* and *In re Diet Drugs, supra:* the very authority upon which we rely for the proposition that the trial court orders were transformed into orders of the district court upon removal of the case. Glaringly, Kurns cites not one case to support her position to the contrary.