J. S91001/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, :    IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
             Appellant    :
:
              v.         :        No. 860 MDA 2016
:
JORGE LUIS RUIZ, JR.         :

Appeal from the Judgment of Sentence, April 26, 2016,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0003038-2012

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED FEBRUARY 21, 2017**

This is a Commonwealth appeal from the judgment of sentence of April 26, 2016, following this court's remand for resentencing. We affirm.

Jorge Luis Ruiz, Jr. ("Ruiz"), was originally sentenced on June 5, 2013, pursuant to a negotiated guilty plea, to an aggregate term of 6 to 20 years' incarceration. Ruiz pled guilty to one count each of possession with intent to deliver a controlled substance ("PWID") -- cocaine, criminal use of a communications facility, and criminal conspiracy to commit PWID.[1] In exchange for Ruiz's guilty plea, the remaining charges were withdrawn. Ruiz's sentence included a mandatory minimum sentence of 5 to 10 years'

---

* Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 7512, and 18 Pa.C.S.A. § 903, respectively.

imprisonment for PWID pursuant to 42 Pa.C.S.A. § 9712.1 (controlled substances in close proximity to firearms). No direct appeal was filed; however, Ruiz filed a timely PCRA[2] petition, which was denied. In his petition, Ruiz argued that his mandatory minimum sentence for PWID was illegal under **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), and subsequent Pennsylvania case law. **See Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (**en banc**), **appeal denied**, 121 A.3d 496 (Pa. 2015) (**Alleyne** rendered Section 9712.1 unconstitutional in its entirety).

In a published opinion, this court reversed and vacated Ruiz's judgment of sentence, agreeing with Ruiz that application of the mandatory minimum sentencing statute was illegal. **Commonwealth v. Ruiz**, 131 A.3d 54, 60 (Pa.Super. 2015). This court remanded for resentencing without consideration of the mandatory minimum sentencing provision of 42 Pa.C.S.A. § 9712.1. **Id.**[3] The Commonwealth did not appeal this court's decision in **Ruiz**.

---

[2] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[3] This court also distinguished **Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014) (**Alleyne** does not satisfy the new retroactive constitutional right exception to the PCRA's one-year time-bar), and **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa.Super. 2015) (declining to give **Alleyne** retroactive effect to cases on timely collateral review when the defendant's judgment of sentence was finalized before **Alleyne** was decided on June 17, 2013), where Ruiz's judgment of sentence was not yet final when **Alleyne** was handed down. **Ruiz**, 131 A.3d at 58-59. **Cf. Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016) (**Alleyne**

Ruiz was resentenced on April 26, 2016, before the Honorable Stephen B. Lieberman. Importantly, while the Commonwealth requested that the trial court re-impose the original negotiated sentence of 6 to 20 years' imprisonment, both parties characterized it as an "open plea." (Notes of testimony, 4/26/16 at 3-6.) At no time did the Commonwealth indicate that Judge Lieberman was legally bound to impose the same sentence. Defense counsel presented letters from Ruiz's family and Ruiz also testified. (*Id.* at 6-8.) Judge Lieberman resentenced Ruiz to 4 to 10 years' imprisonment, which was at the bottom of the standard range of the guidelines. Judge Lieberman considered the fact that Ruiz has continued to be involved in his children's lives, despite the significant obstacle of his incarceration, and has taken advantage of numerous rehabilitative programs while incarcerated. (*Id.* at 9.) Ruiz did not receive any misconduct violations during the nearly four years he has been incarcerated. (*Id.* at 7-8.) Judge Lieberman also noted that Ruiz took responsibility for his part in the drug distribution operation, although many other people were involved, including people higher up than Ruiz. (*Id.* at 9.)

---

was not a groundbreaking, "watershed" rule of criminal procedure that applies retroactively on collateral review to cases where the defendant's judgment of sentence had already become final <u>before</u> *Alleyne* was decided). *Washington* did not consider the unique procedural posture presented in *Ruiz*, where a defendant raises an *Alleyne* challenge in a timely PCRA petition but his judgment of sentence was not yet final at the time *Alleyne* was handed down.

The Commonwealth filed a motion for reconsideration of Ruiz's sentence, in which it alleged that "additional evidence would persuade this Honorable Court not to disturb the original, negotiated plea of 6-20 years['] incarceration in a State Correctional Institute." (Commonwealth's motion for reconsideration, 5/17/16 at 3, ¶14; docket #72.)[4]  According to the Commonwealth, if a hearing were granted on the Commonwealth's motion, Detectives James Gresh and Pasquale Leporace would testify that Ruiz was a "main player" in a major drug operation and poses a threat to the community.  (*Id.* at 2, ¶13.)  The Commonwealth also noted that the original negotiated sentence was within the standard range of the sentencing guidelines.  (*Id.* at 2, ¶12.)

The Commonwealth's motion was denied the following day, May 18, 2016.  Notice of appeal was filed on May 26, 2016.  On June 6, 2016, the Commonwealth was ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days and timely

---

[4] The Commonwealth's motion for reconsideration was untimely.  ***See*** Pa.R.Crim.P. 721(B)(1) ("A Commonwealth motion for modification of sentence shall be filed no later than 10 days after imposition of sentence."). Nevertheless, the Commonwealth filed a notice of appeal within 30 days after resentencing; therefore, there is no jurisdictional impediment to our review.  Pa.R.A.P. 903.  ***Cf. Commonwealth v. Ledoux***, 768 A.2d 1124, 1125 (Pa.Super. 2001) (Commonwealth's untimely post-sentence motion did not toll the 30-day appeal period).

complied on June 8, 2016. (Docket #75, 76.) On July 7, 2016, the trial court filed a Rule 1925(a) opinion. (Docket #77.)[5]

The Commonwealth has presented the following issue for this court's review:

> Did the trial court err by resentencing [Ruiz] on all counts to which he pleaded, contrary to the terms of the negotiated plea agreement, as [**Alleyne**] only invalidated the sentence for which the mandatory minimum sentence was imposed?

Commonwealth's brief at 6.

We find the Commonwealth's issue on appeal to be waived and unreviewable on several bases. First, the Commonwealth characterizes Ruiz's sentence as "illegal," but cites no authority for that proposition. It is true that both sides to a negotiated sentence are ordinarily entitled to the benefit of their bargain. **See**, **e.g.**, **Commonwealth v. Anderson**, 995 A.2d 1184, 1191 (Pa.Super. 2010), **appeal denied**, 9 A.3d 626 (Pa. 2010) ("Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." (citation omitted) ). However, it is also true that a defendant cannot agree to an illegal sentence. **See Commonwealth v. Gentry**, 101

---

[5] In his Rule 1925(a) opinion, Judge Lieberman opines that the appeal should be dismissed for failure to obtain a transcript of the April 26, 2016 resentencing hearing. (Trial court opinion, 7/7/16 at 2-3.) The certified record indicates that the transcript was filed on September 16, 2016.

A.3d 813, 819 (Pa.Super. 2014) ("Our cases clearly state that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality was a term of his plea bargain is of no legal significance." (citation omitted)). As described above, this court in **Ruiz** already determined that application of the mandatory minimum under Section 9712.1, which was part of Ruiz's bargained-for sentence, was illegal.

Furthermore, the Commonwealth could have pressed this issue at resentencing and did not. While the Commonwealth requested that the trial court re-impose the identical 6 to 20-year sentence on remand, it never characterized it as a contractual issue or suggested that the trial court lacked discretion in resentencing Ruiz. In fact, all parties appeared to agree that Ruiz's plea was now an "open plea" vis-à-vis sentencing. (Notes of testimony, 4/26/16 at 6.)

The Commonwealth effectively concedes as much in its brief on appeal, but argues that its motion for reconsideration preserved the issue. (Commonwealth's brief at 15 n.4.) However, as noted above, the motion for reconsideration was untimely as it was filed beyond 10 days. In addition, from our review of the Commonwealth's motion, it simply argued that Ruiz's sentence was inappropriate under the circumstances as he was a dangerous offender. While the Commonwealth observed that the original, negotiated sentence was within the standard range of the guidelines, the

Commonwealth never argued that the trial court remained legally bound by it. (Docket #72.) Therefore, we consider the matter to be waived.

We make several observations regarding the first appeal from the denial of Ruiz's PCRA petition. A different panel of this court addressed the issue of Ruiz's sentence and remanded for resentencing, the only restriction being that the trial court was not to consider the mandatory sentencing provision. Under the law of the case,[6] it is doubtful that this panel could revisit the matter and decide that the trial court is bound by the parties'

---

[6]    Three "related but distinct" rules comprise the Law of the Case Doctrine:

> (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) **upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court;** and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

**Commonwealth v. Lancit**, 139 A.3d 204, 207 (Pa.Super. 2016), quoting **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995) (emphasis in **Lancit**) (citations omitted). "The Law of the Case Doctrine is an important tool of judicial efficiency that 'serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation.'" **Id.** at 206-207, quoting **Zane v. Friends Hosp.**, 836 A.2d 25, 29 (Pa. 2003).

earlier plea agreement, or that the trial court should only have resentenced Ruiz on the PWID count, as the Commonwealth now argues in the instant appeal. It is well settled that an appellate court may not alter the resolution of a legal question previously decided by the same appellate court.

Relatedly, we have reviewed the Commonwealth's brief in the first appeal, and the Commonwealth never argued, in the alternative, that the negotiated sentence of 6 to 20 years still remained in full force and effect or that, at most, the case should be remanded for resentencing only on the PWID charge. The Commonwealth only argued that **Alleyne** did not apply retroactively to cases on collateral appeal. Nor did the Commonwealth appeal this court's decision to the Pennsylvania Supreme Court. This issue could have been litigated in the first appeal, and the Commonwealth chose not to raise it. We will not entertain the argument now. **See Kurns v. Soo Line R.R.**, 72 A.3d 636, 639 (Pa.Super. 2013), **appeal denied**, 89 A.3d 1285 (Pa. 2014) ("An appellant cannot pursue in a subsequent appeal matters which he or she could have pursued in a prior appeal." (citations omitted)).

In fact, the Commonwealth would have had a valid argument for simply invalidating the entire plea agreement and returning the parties to the status quo prior to the entry of the guilty plea by vacating the plea. **See Commonwealth v. Melendez-Negron**, 123 A.3d 1087, 1093-1094 (Pa.Super. 2015) (because in plea negotiations, "both parties to a

negotiated plea agreement are entitled to receive the benefit of their bargain," "the shared misapprehension that the mandatory minimum sentence required by § 97[12].1 applied to Melendez-Negron tainted the parties' negotiations at the outset. [T]he parties' negotiations began from an erroneous premise and therefore were fundamentally skewed from the beginning."). However, the Commonwealth did not make that argument.

In short, the numerous procedural missteps in this case foreclose appellate review of the issues raised in the Commonwealth's argument. As such, we will affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017